IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

SEP - 3 2013

CLERK, U.S. DISTRICT COURT
By_____
              Deputy

| | | |
|---|---|---|
| WILLIAM A. KUTNER AND<br>TARA G. KUTNER,<br><br>        Plaintiffs,<br><br>VS.<br><br>WELLS FARGO BANK, N.A.,<br>MORTGAGE ELECTRONIC<br>REGISTRATION SYSTEMS, INC., AND<br>PULASKI MORTGAGE COMPANY,<br><br>        Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | NO. 4:13-CV-714-A |

MEMORANDUM OPINION
and
ORDER

Now before the court is the notice of removal filed in the
above-captioned action by defendant Wells Fargo Bank, N.A.
("Wells Fargo"). Wells Fargo has alleged diversity of
citizenship under 28 U.S.C. § 1332 as the basis for removal.
Having considered the notice of removal and the original state
court petition of plaintiffs, William A. Kutner and Tara G.
Kutner, attached thereto, the court concludes that Wells Fargo
has failed to sufficiently allege that this court has subject
matter jurisdiction, and that the case should be remanded to the
state court from which it was removed.

I.

## Background

Plaintiffs initiated this action by filing their original
petition against defendants in the District Court of Tarrant
County, Texas, 67th Judicial District, as Cause No. 067-267844-
13.  Wells Fargo alleges that the court has subject matter
jurisdiction under 28 U.S.C. § 1332 because there is complete
diversity of citizenship between plaintiffs and defendants, and
an amount in controversy exceeding the sum or value of
$75,000.00, exclusive of interest and costs.

In the prayer of their petition, plaintiffs do not state a
specific amount of damages.  Nor is there any other statement of
the amount of damages contained elsewhere in the petition.
However, Wells Fargo contends that, in the context of foreclosure
proceedings, the proper measure of the amount in controversy is
the value of the subject property, which Wells Fargo asserts is
$323,800.00.  Wells Fargo argues that the value of the property
satisfies the amount in controversy.  In support of its position,
Wells Fargo cites to legal authority standing for the proposition
that the right, title, and interest plaintiffs have in the
property constitutes the proper measure of the amount in
controversy in an action such as this one, where a party could be
divested of the property entirely.  Notice of Removal at 4-5.

2

After having carefully evaluated the notice of removal and all state court documents, and after reviewing applicable legal authorities, the court is unpersuaded that the amount in controversy in this action meets or exceeds the required amount.

II.

## Basic Principles

The court begins with a statement of basic principles announced by the Fifth Circuit:

Pursuant to 28 U.S.C. § 1441(a), a defendant may remove to federal court any state court action over which the federal district court would have original jurisdiction. "The removing party bears the burden of showing that federal subject matter jurisdiction exists and that removal was proper." Manguno v. Prudential Prop. Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2001). "Moreover, because the effect of removal is to deprive the state court of an action properly before it, removal raises significant federalism concerns, which mandate strict construction of the removal statute." Carpenter v. Wichita Falls Indep. Sch. Dist., 44 F.3d 362, 365-66 (5th Cir. 1995) (citation omitted). Any doubts about whether removal jurisdiction is proper must therefore be resolved against the exercise of federal jurisdiction. Acuna v. Brown & Root Inc., 200 F.3d 335, 339 (5th Cir. 2000).

3

To determine the amount in controversy for the purpose of
establishing diversity jurisdiction, the court ordinarily looks
to the plaintiff's state court petition. Manguno, 276 F.3d at
723. If it is not facially apparent from the petition that the
amount in controversy is greater than $75,000, the removing party
must set forth summary judgment-type evidence, either in the
notice of removal or in an affidavit, showing by a preponderance
of the evidence that the amount in controversy exceeds that
amount. Id.; Allen v. R & H Oil & Gas Co., 63 F.3d 1326, 1335
(5th Cir. 1995).

The amount in controversy is measured from the perspective
of the plaintiff. Vraney v. Cnty. of Pinellas, 250 F.2d 617, 618
(5th Cir. 1958) (per curiam). In an action for declaratory or
injunctive relief, the amount in controversy is the "value of the
object of the litigation," or "the value of the right to be
protected or the extent of the injury to be prevented."
Leininger v. Leininger, 705 F.2d 727, 729 (5th Cir. 1983).

III.

Analysis

Plaintiffs' petition does not make a demand for a specific
amount of damages, does not specify a dollar amount of recovery
sought that is at least $75,000.00, and does not define with
specificity the value of the right it seeks to protect or the

4

extent of the injury it seeks to prevent.  As a result, the court
evaluates the true nature of plaintiffs' claims to determine the
amount actually in controversy between the parties.

The true nature of this action is to maintain possession of
residential property plaintiffs used as security for the making
of a loan.  As the petition alleges, plaintiffs pursue these
goals by seeking an order 1) barring any foreclosure or forcible
detainer proceedings, and (2) awarding unspecified damages and
attorney's fees.  Notice of Removal, Ex. 2 at 7-9.  Thus,
considering plaintiffs' original petition, the court has not been
provided with any information from which it can determine that
the value to plaintiffs of such relief is greater than
$75,000.00.

Wells Fargo contends that the fair-market value of the
property should serve as the amount in controversy because
plaintiffs request equitable relief to enjoin defendant from
foreclosing on the property.  Notice of Removal at 4-5.  Wells
Fargo relies on the oft-cited argument that when equitable relief
is sought, the amount in controversy is measured by the value of
the object of the litigation, and when a mortgagor is attempting
to protect his property, the fair market value of the property is
the amount in controversy.  In its notice of removal, Wells Fargo

suggests that the value of the property is approximately $323,800.00.

The court is not persuaded by the argument that the above figure supplies the basis for plaintiffs' interest in the property, especially given that plaintiffs have not pleaded how much equity they have in the property. Wells Fargo does not cite to, nor can the court discern, any such statement in the petition to support a finding that the value of the property is the amount in controversy. That is, for example, Wells Fargo's attribution of the $323,800.00 figure as damages is an act of its own doing-- not plaintiffs'. To the extent that these statements suggest that the property value is the proper measure of the amount in controversy in this action, the court rejects that argument.[1]

Clearly, the sole goal of plaintiffs' action is to avoid or delay a foreclosure sale and to be able to retain possession of the property. Nothing is alleged that would assign a monetary value to plaintiffs' accomplishment of those goals. While plaintiffs appear to request equitable relief based on a claim

---

[1] The court is familiar with the unpublished Fifth Circuit opinion, Nationstar Mortg. LLC v. Knox, 351 F. App'x 844 (5th Cir. 2009). The pertinent portion of Nationstar, in turn, relies on Waller v. Prof'l Ins. Corp., 296 F.2d 545, 547-48 (5th Cir. 1961). This court has previously explained its reasoning for finding Waller inapposite to determining the amount in controversy in cases such as the instant action. See Ballew v. America's Servicing Co., No. 4:11-CV-030-A, 2011 WL 880135 (N.D. Tex. Mar. 14, 2011).

that they are entitled to hold legal title in the property, they do not assert that such relief is based on a claim that they have outright ownership of the property, free from any indebtedness. Indeed, plaintiffs make statements to suggest that their ownership of the property is encumbered by a debt, as the petition describes a note and deed of trust and "mortgage transaction," and questions whether Wells Fargo is the rightful owner or holder of the note and deed of trust.  The value to plaintiffs of their rights in the litigation is, at most, the value of their interest in the property, not the value of the property itself.  Thus, Wells Fargo has not established the value of plaintiffs' interest in the property.

Wells Fargo has not proven by a preponderance of the evidence that the amount actually in controversy in this action exceeds the sum or value of $75,000.00, excluding interest and costs.  Consequently, the court is remanding the case to the state court from which it was removed, because of the failure of Wells Fargo to persuade the court that subject matter jurisdiction exists.

IV.

Order

For the reasons given above,

The court ORDERS that the above-captioned action be, and is hereby, remanded to the state court from which it was removed.

SIGNED September 3, 2013.

JOHN McBRYDE
United States District Judge